## SACKS v. SACKS.

### No. 7832.

United States Court of Appeals for the District of Columbia.

Decided Dec. 31, 1941.

Mr. Michael J. Keane, Jr., of Washington, D. C., for appellant.

Mr. Irvin Goldstein, of Washington, D. C., for appellee.

Before STEPHENS, VINSON, and RUTLEDGE, Associate Justices.

PER CURIAM.

Abe Sacks brought an action based upon a debt for money loaned to Rose Sacks, his sister-in-law. The case was heard without a jury. The Municipal Court found in plaintiff's favor. We allowed the appeal of Rose Sacks.

The evidence in behalf of plaintiff's claim was (1) his own testimony, (2) that of his brother (defendant's husband), (3) a portion of the account book of defendant's business which her husband kept, and (4) a cancelled check, on which Rose Sacks was the maker and Sam Mirman, her brother, the payee. The last (4) goes only to support the alleged motive for the alleged loan from the plaintiff.

The account book should be an objective recordation of business money matters, with a high degree of probity. In this instance, however, it is uninterpretable and contains erasures at critical points. Plaintiff's brother, defendant's husband, who made the entries admitted upon cross-examination that the books were not correctly kept by him.

The testimony of the plaintiff and his brother is so inconsistent and contradictory each within itself and each toward the other, as well as with the account book that there is serious doubt of the sufficiency of the evidence to make out a claim for debt. However, since the case must be reversed on another ground, we make no ruling on this point.

At the trial with the husband on the witness stand, the defendant wife was not allowed to show on preliminary examination the facts and circumstances surrounding an alleged conversation between the defendant and her husband in an attempt to bring out its confidential nature. That was error. If there is a new trial it will be incumbent upon the plaintiff to establish the nonconfidential nature of the husband-wife communication and the defendant must be accorded the opportunity of showing the contrary. If confidential, it is of course inadmissible.[1]

Reversed.

STEPHENS, Associate Justice, expresses no opinion in respect of the sufficiency of the evidence. He agrees, however, that there should be a reversal because of the refusal of the trial judge to permit the defendant to cross-examine in respect of the assertedly confidential nature of the alleged conversation between herself and her husband.

---

[1] D.C.Code (1929) tit. 9, § 14.